By the Court.
It appears from the petition that the state board of health, under the authority conferred upon it by law, duly issued orders to the city of Cleveland to build works for the disposal of its sewage and to prevent the pollution of Cuyahoga river and Lake Erie; that in attempting to carry out these orders the city was confronted with the fact that its indebtedness was such that the levy for the purpose of providing interest and sinking funds on the bonds to be issued to meet the expense of this improvement would exceed the maximum limitations imposed by law without a vote of the people thereon, and thereupon the council, acting under authority conferred by Section 1259-1, General Code (106 O. L., 461), adopted its resolution to the effect that the question of an additional levy of one-fourth of a mill for this purpose should be submitted to the voters at the ensuing election. Notice of the election was given according to law, in which the electors were informed that the additional tax was to be levied during the years 1916 to 1927, both inclusive. The election was duly held and the proposition submitted was carried by the necessary majority.
It will be noted that the question submitted to the electors was the levying of “ah additional tax of one-fourth of one mill * * * during the years 1916 to 1927, both inclusive, for the purpose of paying the interest upon and of providing a sinking fund for the redemption of bonds in the sum of $2,000,000.00,” etc.
In support of the demurrer it is urged that in so far as this levy is predicated upon the provisions of *62 Section 1259-1 it is not subject to control or adjustment by the budget commission; that the proceedings in the matter of the submission of the levy to a vote of the people do not conform to the requirements of that section, and that levies for sinking fund purposes can be predicated only upon bonds actually outstanding.
We think that the allegations of the petition with reference to the budget commission are immaterial. The legislative power is vested in the council, and when it has properly proceeded in accordance with the provisions of the statute, and within the limits prescribed in the statute, and the electors of a municipality have given the required consent in accordance with the statute, the ministerial officers carry out the will of the legislative body and of the people.
Section 11 of Article XII of the Constitution provides that no bonded indebtedness of the state, or any political subdivisions thereof, shall be incurred or renewed, unless, in the legislation under which such indebtedness is incurred or renewed, provision is made for levying and collecting annually by taxation an amount sufficient to pay the interest on said bonds, and to provide a sinking fund for their final redemption at maturity.
There is in this provision of the constitution no requirement that the bonds shall have been first issued before the legislation providing for the levy of taxes for the purposes stated shall be passed. That is a matter that is left to the wisdom and discretion of the legislative body having authority to act for the municipality. That the bonds had not *63 actually been issued is no reason why legislation to provide money to meet them when issued and matured could not be adopted. It is the duty of the council to safeguard the interest of the municipality, and in doing so to strictly conform to the constitutional and legislative requirements under which the council acts. This power and this duty of council continue throughout. If from change in the public undertaking, or in the plans or arrangement, the bonds should not be issued; or if it should develop that a less amount was needed, or that there was no necessity for a levy, it would be the duty of the city authorities to reduce or omit entirely the levy in accordance with the circumstances.
Demurrer overruled, and, defendant not desiring to plead further, it is ordered that a peremptory writ issue.

Writ to issue.

Nichols, C. J., Johnson, Donahue and Matthias, JJ., concur.